United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

W.H., et al.,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 26-cv-06482-VKD

**ORDER RE APPLICATION TO PROCEED IN FORMA PAUPERIS, MOTION FOR PRELIMINARY INJUNCTION, AND MOTION TO PROCEED PSEUDONYMOUSLY**

Re: Dkt. Nos. 2, 3, 4

## I. BACKGROUND

Plaintiff W.H., who is representing himself, filed the present action against Google LLC ("Google") and "John and Jane Doe's [sic] 1-50." Dkt. No. 1. The sprawling 54-page complaint indicates that W.H. sues for himself, "as next friend" of E.H. (identified as W.H.'s minor son), and on behalf of several business entities. *Id.* Along with his complaint, W.H. also filed an application to proceed in forma pauperis ("IFP") (Dkt. No. 4), a motion for a preliminary injunction (Dkt. No. 3), and a motion to proceed pseudonymously (Dkt. No. 2). For the reasons discussed below, the Court grants W.H.'s IFP application. However, the Court also finds that W.H.'s complaint fails to state a plausible claim for relief. Accordingly, the Court stays service of process and gives W.H. until **November 6, 2026** to file an amended complaint. The preliminary injunction motion will be administratively terminated as moot, pending the filing of an amended complaint. The Court grants W.H.'s motion to proceed pseudonymously as to E.H., to the extent E.H. permissibly remains a party to this action. The Court denies W.H.'s motion to proceed pseudonymously by his initials on his own behalf.

If W.H. fails to file an amended complaint in time, or if the amended complaint fails to address defects described in this order, the Court may issue an order reassigning the case to a

district judge with a recommendation that the complaint be dismissed in whole or in part.

## II. DISCUSSION

### A. IFP Application

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The screening requirement of § 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners. *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Castro v. Pascual*, No. 20-cv-01090-BLF, 2020 WL 733127, at *1 (N.D. Cal. Feb. 13, 2020 (same).

W.H.'s IFP application indicates that he satisfies the economic eligibility requirement of 28 U.S.C. § 1915. The Court therefore grants his IFP application.

### B. Review of Complaint

While pro se pleadings are liberally construed, "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). A complaint does not state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). A complaint must include facts that are "more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Only plausible claims for relief will survive a motion to dismiss. *Id.* at 679. A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

Preliminarily, the Court observes that while many of the complaint's paragraphs are

numbered, they are not numbered consistently or serially throughout the pleading. W.H.'s complaint therefore fails to comply with Rule 10 of the Federal Rules of Civil Procedure, which requires the complaint to have separate, numbered paragraphs. Fed. R. Civ. P. 10(b).

More fundamentally, the complaint fails to comply with Rule 8, which requires, among other things, that pleadings include "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). Pursuant to these standards, a plaintiff may not "file pleadings that do not tie factual averments against specific parties to individual causes of action," i.e., shotgun pleadings. *Gibson v. City of Portland*, 165 F.4th 1265, 1290 (9th Cir. 2026). While a plaintiff is required to include sufficient factual allegations to state a plausible claim for relief, *see Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 570; courts are not required "to wade through a morass of allegations, trying to determine how the facts might relate to the causes of action," and "[i]t is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Gibson*, 165 F.4th at 1289, 1290.

W.H.'s complaint indicates that he seeks to assert claims under various statutes and/or theories: "Stored Communications Act, 18 U.S.C. § 2707," "Negligence," "Gross Negligence," "Negligent Infliction of Emotional Distress," "Unfair Business Practices," "Failure to Preserve Evidence (Spoliation)," "Reckless Disregard for Safety of a Minor," and "Obstruction of Legal Process." Dkt. No. at 1. While Google is the named defendant, the complaint also refers to various other individuals and entities. W.H.'s complaint is replete with lengthy, repetitive, rambling allegations that are not clearly tied to W.H.'s multiple claims or to any particular actor referenced in the complaint. For example, W.H. asserts that the mother of his child potentially interfered with W.H.'s business accounts, but he does not clearly state how those facts give rise to plausible claims against Google under any of his several theories of liability. Additionally, W.H.'s allegations are interspersed with screenshots with handwritten notes and pages of what appears to be computer code. As drafted, W.H.'s complaint would not put Google on notice about the nature of W.H.'s claims and requested relief or allow Google to clearly and concisely respond to the allegations or assert any applicable defenses.

United States District Court
Northern District of California

To the extent the complaint indicates that W.H. seeks to assert claims on behalf of his minor son, E.H., W.H.'s capacity to sue is determined "by the law of the state where the court is located[.]" Fed. R. Civ. P. 17(b)(3). In California, "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *see also K.J. v. United States*, No. 25-cv-07161-LJC, 2026 WL 936944, at *7 (N.D. Cal. Apr. 7, 2026) (under "counsel mandate," pro se parent must "obtain legal representation if she wishes to proceed on her children's behalf"); *Cooke v. Harpum*, No. 08-cv-00016-SBA, 2008 WL 1859051, at *3 (N.D. Cal. Apr. 23, 2008) ("Even with a next friend or guardian ad litem, however, [minor] may only appear through an attorney, of which he apparently has none.") (citing *J.W. v. Superior Ct.*, 17 Cal. App. 4th 958, 968-69 (1993)). In any event, for the reasons stated above, it is not clear from the face of the complaint that there are any plausible claims that W.H. seeks to assert on E.H.'s behalf. To the extent W.H. seeks to assert claims on E.H.'s behalf, W.H. must obtain legal representation. If W.H. continues to proceed on his child's behalf without counsel, the Court may issue an order directing W.H. to show cause why E.H. should not be dismissed from the action. *See K.J.,* 2026 WL 936944, at *7.

To the extent the complaint purports to assert claims by business entities—i.e., New York Insulation, Integrity Insulation, and New York Insulation, LLC—those plaintiffs may not proceed pro se, nor may W.H. represent them. *See Johns*, 114 F.3d at 876 ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself."); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law."); Civil L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court.").

### C. Motion for Preliminary Injunction

W.H.'s motion for preliminary injunction ostensibly seeks the restoration of W.H.'s Google accounts, although the assertions in that motion largely concern W.H.'s complaints

regarding family court proceedings in Monroe County, New York, an alleged "cover-up" regarding W.H.'s paternity, and his belief that "the ongoing interference with his business, parental rights, and personal liberty is the direct result of a coordinated effort involving his own mother, the mother of his child . . . and various local officials and business competitors in Monroe County, New York." *See* Dkt. No. 3 at 6, 8. The motion for preliminary injunction includes scattered assertions not contained in his complaint, including allegations of defamation, retaliatory online reviews, and identity theft. *See, e.g., id*. at 7. The motion does not provide any basis for W.H.'s request that this Court "[r]ecognize [his] [p]arental [s]tanding," or the Court's authority to do so. *See id*. at 2.

In any event, for the reasons discussed above, W.H.'s complaint does not state a plausible claim for relief demonstrating Google's liability for any injuries W.H. claims to have suffered, or that he is entitled to relief against any defendant. As W.H. is being given leave to amend his complaint, his motion for preliminary injunction will be administratively terminated as moot, pending the filing of an amended complaint.

**D. Motion to Proceed Pseudonymously**

On the same day he filed his complaint, W.H. also filed a motion seeking permission for himself and his minor son to proceed in this litigation only by their initials. Dkt. No. 2.

Assuming that W.H. obtains legal representation such that E.H. properly may continue as a party to this action, E.H. may proceed by his initials by operation of Rule 5.2. *See* Fed. R. Civ. P. 5.2(a)(3).

With respect to W.H.'s motion for permission to proceed only by his initials, the use of fictitious names is directly at odds with the public's right of access to judicial proceedings. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). Noting "the paramount importance of open courts," the Ninth Circuit has stated that "[t]he normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042, 1046 (9th Cir. 2010). Additionally, Rule 10 of the Federal Rules of Civil Procedure requires a complaint to "name all the parties." Fed. R. Civ. P. 10(a). Litigants may

preserve their anonymity in judicial proceedings only "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068. The Ninth Circuit has identified three situations in which parties have been permitted to proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Id.* The Court must attempt to strike a "balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings." *Id.* at 1069.

W.H.'s stated concerns about proceeding under his true name appear to stem from his disagreement with child custody determinations made in legal proceedings in New York. W.H. says that after he filed a federal lawsuit in the U.S. District Court for the Western District of New York, E.H. "was unlawfully seized by state actors," and "has remained separated from W.H. ever since." *See* Dkt. No. 2 at 3. W.H. has not shown that he has a reasonable fear of harm if he proceeds under his true name. He does not cite any objective reasons or evidence for his expressed concerns. Rather, his allegations of harm are circuitous, vague, and speculative. Such allegations do not establish a threat of harm or that W.H. or E.H. are particularly vulnerable if W.H. is required to proceed under his own true name. *See, e.g., Doe v. United States*, No. EDCV 21-01457-CJC (SHKx), 2022 WL 18277267, at *3 (E.D. Cal. Nov. 4, 2022) (denying motion for anonymity where plaintiff did "not adequately show[] that she has a reasonable, non-speculative fear" of harm as a result of proceeding under her true name); *Doe v. Coder*, No. 10-cv-4756-MMC, 2010 WL 4938282, at *2 (N.D. Cal. Nov. 30, 2010) (finding plaintiff "has not shown any threat of harm" where allegations of harm to reputation were "entirely speculative" and "plaintiff has in no manner demonstrated he is particularly vulnerable."). Indeed, within the past two years, it appears that in addition to the present action, W.H. has filed at least three actions in federal district courts around the country, all based on events arising out of or related to the Monroe County custody proceedings. He has used his true name in each such action. *See* Case No. 26-36-

CFC-SRF (D. Del.); Case No. 6:25-cv-06675 EAW (W.D.N.Y.); Case No. 6:25-cv-06361 EAW (W.D.N.Y.).

As W.H. has not demonstrated a need for an order allowing him to proceed pseudonymously, his interest in anonymity "cannot outweigh the prejudice such an order would work on defendants, even at this stage of the proceedings." *Jane Doe I-V v. Texaco, Inc.*, No. 06-cv-02820-WHA, 2006 WL 2850035, at *6 (N.D. Cal. Oct. 5, 2006). Noting that "[i]dentifying the parties to the proceeding is an important dimension of publicness," the Ninth Circuit has recognized that "[t]he people have a right to know who is using their courts." *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008) (quotations and citation omitted); *see also Doe v. Apstra*, No. 18-cv-04190-WHA, 2018 WL 4028679, at *1 (N.D. Cal. Aug. 23, 2018) ("And, importantly, there is a strong public policy in favor of openness of our court system, and the public is entitled to know who is seeking relief."); *Doe v. UNUM Life Ins.*, 164 F. Supp. 3d 1140, 1142 (N.D. Cal. 2016) ("Some litigants and witnesses prefer anonymity because of the unwanted attention litigation can bring. But the strong presumption is that the public has a right to know who is seeking what in court and whether he or she is entitled to the relief sought."); *Texaco, Inc.*, 2006 WL 2850035, at *6 ("When anyone—local or foreign—invokes the potential power and authority of a United States District Court, the public has a legitimate right to know on whose behalf their institutions are being used, unless good cause to do otherwise is shown."). W.H. has not shown good cause demonstrating that his stated need for anonymity warrants an order that would prevent the public from learning about this litigation, the fact that he filed it, its nature, or its resolution. Indeed, to permit W.H. to proceed pseudonymously in the circumstances presented here would contravene the Ninth Circuit's mandate that a party's use of pseudonyms is reserved for "the 'unusual' case." *Advanced Textile*, 214 F.3d at 1067. W.H.'s motion to proceed by his initials is denied.

The Clerk of the Court is directed to unseal W.H.'s motion to proceed under a pseudonym (Dkt. No. 2). As the motion for preliminary injunction (Dkt. No. 3) contains identifying information of E.H. and others, the original filed motion shall remain sealed at this time. The Clerk of the Court is directed to file a redacted version of that document on the public docket. To

the extent W.H. renews his motion for preliminary injunction, he shall either redact E.H.'s identifying information, or file a proper motion to seal pursuant to Civil Local Rule 79-5.

## III. CONCLUSION

W.H.'s complaint fails to state facts supporting any plausible claim for relief. Although the Court questions whether W.H. can state plausible claims on amendment, in view of his self-represented status, the Court gives W.H. an opportunity to file an amended complaint, in his own name and otherwise consistent with this order. W.H.'s amended complaint must be filed by **November 6, 2026**. The amended complaint must include the caption and civil case number used in this order, Case No. 26-cv-06482-VKD, must include the words "First Amended Complaint" on the first page, and must identify W.H. by his true name. If W.H. fails to file an amended complaint in time, or if the amended complaint fails to cure all defects described above, the Court may issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed in whole or in part.

W.H. is advised that the amended complaint will supersede the original complaint. *See Habelt v. iRhythm Techs., Inc.*, 83 F.4th 1162, 1166 (9th Cir. 2023). On amendment, W.H. may not add new claims or parties without first seeking leave of court.

W.H. is encouraged to obtain a copy of the Pro Se Handbook.[1] He is also reminded that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited scope legal advice to self-represented litigants in federal cases. Information regarding the Program can be found at https://cand.uscourts.gov/representing-yourself/federal-pro-se-program-san-jose-courthouse.

**IT IS SO ORDERED.**

Dated: October 6, 2026

Virginia K. DeMarchi
United States Magistrate Judge

[1] https://cand.uscourts.gov/representing-yourself/pro-se-handbook